THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN 256535)
18881 Von Karman Ave., Ste. 850
Irvine, CA 92612
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
cameron@sehatlaw.com

Attorney for Plaintiff, Michael Fierros

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FIERROS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, a government entity; TWIN TOWERS CORRECTIONAL FACILITY, a government entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br>1. Deliberate Indifference to a Substantial Risk of Harm to Health and Safety - 42 U.S.C. § 1983<br><br>2. Cruel and Unusual Punishment - Violations of the 8th and 14th Amendment of the United States Constitution<br><br>3. Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983<br><br>4. Negligence per G. C. §§ 844.6(d), & 845.6<br><br>5. Negligent Hiring, Retention, Training<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. Plaintiff, Michael Fierros (hereinafter "FIERROS"), an inmate at the Twin

Towers Correctional Facility, Los Angeles County (hereinafter "TTCF"), a division of County of Los Angeles, brings this action against the County of Los Angeles (hereinafter "CLA"), and DOES 1-10, for monetary damages to redress his injuries resulting from defendants' deliberate indifference to his rights and liberties. FIERROS brings this action under the Eighth and Fourteenth. Amendment of the United States Constitution and the Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983, for injuries suffered as a result of the defendants' substantial and deliberate indifference to his health and safety. FIERROS also brings CLA claims, including Negligence, Negligent Hiring, Retention and training, and violation of California Code Regulation Title 15, against the defendants for their intentional and negligent conduct which resulted in the subject incident. This is a civil action seeking damages against the defendants for committing acts under color of law, and depriving the plaintiff of rights secured by the Constitution and laws of the United States (42 U.S.C. § 1983). Defendants, the CLA, and corrections officials, management and employees including DOES 1-10, were deliberately indifferent by, without limiting other acts and behaviors: failing to follow its established safety procedures; failing to protect plaintiff from harm; failing to provide necessary and appropriate security measures; and, failing to provide necessary and appropriate personnel necessary for the safety, welfare and protection of FIERROS, an inmate at TTCF. The defendants deprived the plaintiff's rights as guaranteed by the Eight and Fourteenth Amendments to the Constitution of the United States.

2. The defendants, the CLA, and DOES 1-10 violated the plaintiff's constitutional rights and were deliberately indifferent by, without limiting other acts and behaviors: (1) placing a known violent and suicidal inmate in Plaintiff's cell, (2) failing to protect Plaintiff during a brutal attack by another inmate, (3) failing to properly screen and segregate violent and suicidal inmates, (4) failing

follow procedure by checking logs and lists to identify where inmates reside, (5) failing to follow its established safety procedures, (6) failing to provide necessary and appropriate security measures, (7) failing to intervene or stop the assault on Plaintiff, (8) failing to provide medical care within a reasonable time; and, (9) failing to provide necessary and appropriate personnel necessary for the safety, welfare and protection of inmate FIERROS. As a consequence of the defendants' actions, FIERROS suffered debilitating physical and emotional injuries, emotional distress and deprivation of his constitutional rights.

## JURISDICTION AND VENUE

3. This action is filed under the Eighth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983, to redress injuries suffered by the plaintiff at the hands of defendants.

4. By a Government Claim Form dated November 2, 2015, pursuant to Government Code §911.2, the CLA of California, through its Clerk of the Board of Supervisors, was sent a Notice of Claim regarding violations of plaintiff's constitutional rights. The claim CLAd the time, place, cause, nature and extent of the plaintiff's injuries.

5. On December 8, 2015, the CLA of California, through its Clerk of the Board of Supervisors, sent a notice of Rejection of Claim to counsel for Plaintiff.

6. This Court has jurisdiction over the federal civil rights claim pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over any CLA-law claims pursuant to 28 U.S.C. § 1367(a).

7. At all relevant times, the plaintiff, FIERROS, was an inmate at TTCF, operated by the a subdivision of the CLA.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

9. Plaintiff FIERROS is an individual residing in California. At all times

relevant to this complaint, the plaintiff was an inmate at TTCF located at 450 Bauchet St., Los Angeles, CA 90012.

10. Defendant the CLA is a government entity that acts through individuals to establish its policies and that is capable of being sued under federal law.

11. Defendant is a duly organized public entity, form unknown, existing under the laws of the CLA of California is responsible for supervising and operating the TTCF, a corrections division, and ensuring the health and safety of all inmates incarcerated in its corrections facilities.

12 Defendant DOES 1 - 10 are correctional officers at all times relevant to the complaint. They are duly authorized employees and agents of the and were acting under color of law within the course and scope of their perspective duties as Correctional Officers and with the complete authority and ratification of their principal, Defendant . Defendant DOES 1 - 10 are sued in their individual and official capacities.

17. At all times relevant, Defendants and DOES1-10 were duly appointed officers and/or employees or agents of subject to oversight and supervision by 's elected and non-elected officials.

18. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

## FACTUAL ALLEGATIONS

19. FIERROS was placed into custody on or about January 15, 2015 by the LA Sheriff's Department and transferred to TTCF.

20. On or about May 6, 2015, FIERROS was peacefully located in his cell (4400-B3) with two other inmates, when a twenty-one year old male by the name of Harris.

21. Around 6:00 p.m. on May 6, 2015 the additional inmate was added into

FIERROS's cell. Immediately after Harris was added, he started to burst out profanities and slam his hand, causing the bed frame to rattle while screaming at the other inmates in cell 4400-B30.

22. A fellow inmate in FIERROS's cell inquired on the basis of transfer, and the individual replied "because I was suicidal in the last cell" and further CLAd he was only in his last cell for two days. Immediately after this FIERROS asked guards to provide assistance with removing and evaluating this individual's bizarre behavior.

23. FIERROS requested numerous that the guards times have Harris, the deranged individual be removed from his cell.

24. After FIERROS asked for assistance, the individual started pacing in the cell and began asking ridiculous questions. FIERROS attempted to ignore the individual but he was beating his phone all night and continued pacing. The deranged individual mentioned to another inmate that they should meet up with in the future so they can get high together. It was extremely difficult for FIERROS to sleep that night.

25. The morning after the individual was overheard to be hungry and was provided food by a guard. FIERROS believed that a ceased appetite would allow FIERROS to get a good night sleep.

26. Unfortunately, FIERROS was incorrect and received a terrible beating. The suicidal individual mounted himself onto or FIERROS and began to strike down on FIERROS's face, chest and abdominal area. The attacker was much bigger than FIERROS therefore he was not easily demounted off FIERROS.

27. Upon hearing the commotion coming from FIERROS's cell, one of the neighboring inmates started screaming "MAN DOWN" five different times and nobody attending to the scene.

28. After the damage was completed, FIERROS suffered multiple injuries, including but not limiting to, skull fractures, concussion, a broken nose, punctured

ear drum, eye hemorrhages, bruised ribs, lacerations to his forehead, and vision impairment.

29. The suicidal individual was suspiciously escorted into FIERROS's cell. At no point was FIERROS informed about the placement of a suicidal inmate. Nor was FIERROS informed whether the defendants were placing the correct inmate in the designated cell. Defendant Does 1-10 placed a known suicidal inmate inside FIERROS's cell, a cell exclusively assigned to FIERROS and with his identifying information on it.

30. Defendants placed the unstable and dangerous inmate inside FIERROS's cell when fully aware of the suicidal tendencies.

31. Defendants had the means and opportunity to prevent the attack from occurring but deliberately failed to do so and were deliberately and wantonly indifferent to Plaintiff's safety.

32. The CTY LA, management and employees violated the plaintiff's constitutional rights and were deliberately indifferent to Plaintiff's constitutional liberty and safety interests per 42 USC §1983 and 8th amendment by: (1) placing a known suicidal and violent inmate in Plaintiff's cell (2) failing to protect Plaintiff during a brutal attack by co-inmate; (3) failing to properly screen and segregate suicidal and violent inmates; (4) failing follow procedure by checking logs and lists to identify where inmates reside; (5) failing to follow its established safety procedures; (6) failing to provide necessary and appropriate security measures; (7) failing to intervene or stop the assault on Plaintiff; (8) failing to provide medical care within a reasonable time; and, (9) failing to provide necessary and appropriate personnel necessary for the safety, welfare and protection of inmate FIERROS.

33. FIERROS was not properly attended to after the assault. It was not until after some time had elapsed, an officer walked by and FIERROS had to again beg for help. Finally at this moment, the officer called for further assistance and

Plaintiff was transported to hospital.

34. After being treated for all his injuries, Plaintiff was unfairly placed in a medical cell with no accommodations. In reality, Plaintiff felt as he was being punished. FIERROS will require future medical care reasonably necessary as part of his medical recovery.

## FIRST CLAIM FOR RELIEF
### Deliberate Indifference to a Substantial Risk of Harm to Health and Safety (42 U.S.C. § 1983)
### (Against All Defendants)

35. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as if fully set forth herein.

36. Defendants, and DOES 1 - 10, knew, or had reason to know, that Plaintiff was going to be viciously attacked whereby the attack was made possible by the actions of the defendants. The suicidal inmate was intentionally, or at the very least improperly, placed in Plaintiff's cell with complete disregard to FIERROS safety. None of the officers defendants ever objected, interfered or corrected the other defendants from placing the suicidal inmate in Plaintiff's cell.

37. The Defendants and DOES 1 - 10, were deliberately indifferent to a substantial risk of harm to the health and safety of plaintiff by placing an inmate known for his suicidal propensities in Plaintiff's cell, failing to protect Plaintiff during a brutal attack by co-inmate, failing to provide sufficient staff at the unit where the plaintiff was housed, failing to follow its established safety procedures and failing to provide necessary and appropriate security measures.

38. As a result of the conduct of Defendants and DOES 1 - 10, are liable for Plaintiff's injuries because they were integral participants in a blunt act of deliberate indifference, and because they failed to prevent or intervene to prevent the onset or the progression of the vicious assault by the other inmate.

39. As a result of the conduct of Defendants DOES 1 - 10, such conduct further constitutes willful, wanton, malicious acts done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendants and DOES 1 - 10.

40. Accordingly, Defendants and DOES 1 - 10, each are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF
### Cruel and Unusual punishment-Violations of the 8th and 14th Amendments of the United States Constitution
### (Against All Defendants)

41. Plaintiff repeats and re-alleges and reincorporates each and every allegation in paragraphs 1 - 40 of this Complaint with the same force and effect as if fully set forth herein.

42. Defendants and DOES 1 - 10, by their act of deliberate indifference in placing the wrong inmate in Plaintiff's exclusive cell, failing to put a stop to the vicious assault upon the plaintiff and the conduct thereof constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment of the Constitution.

43. Defendants and each of them having had actual knowledge that the inmate placed in Plaintiff's cell had suicidal propensities would and in fact create a pervasive risk of harm to plaintiff, constituted nothing less than a form of cruel and unusual punishment inflicted against an inmate as prohibited by the 8th amendment of the United States' Constitution.

44. As a direct and proximate results of the aforedescribed unlawful and deliberately indifferent actions of the defendants, committed under color of law and under their authority as correctional officers of CSP, Plaintiff suffered grievous bodily harm and was deprived of his right to be free from a cruel and

unusual punishment as proscribed by the Eight and Fourteenth Amendment of the United States Constitution.

45. Accordingly, Defendants and DOES 1 - 10, by subjecting plaintiff to cruel and unusual punishment in violation of the Eight and Fourteenth Amendment of the Unites CLAs Constitutions are each are liable to Plaintiff for compensatory damages.

### THIRD CLAIM FOR RELIEF
### Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)
### (Against Defendants CLA, and DOES 1-10)

46. Plaintiff hereby repeats, re-CLAs, and incorporates each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47. On and for some time prior to May 7, 2015 (and continuing to the present date) Defendants CLA, DOES 1-10, and DOE supervisors deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with reckless and deliberate indifference to the rights and liberties of Plaintiff and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized county custom, policy, and practice of:

    (a) Employing and retaining as Correctional Officers and other personnel, including Defendants and DOES 1 - 10, who Defendants CLA and at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating inmates by failing to follow written correctional and inmate policies as well as failing to follow the California Code of Regulation Title 15, Division 3;

    (b) Of inadequately supervising, training, controlling, assigning, and disciplining personnel, including DOES 1 - 10, who Defendants CLA and

    each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (c)     By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by DOES 1 - 10, who are correctional officers;

    (d)     By having and maintaining an unconstitutional custom and practice of allowing inmate-on-inmate attacks to go unchecked which further encourages and ensures a continued trend of the same in the future. These customs and practices by were condoned by said defendants in deliberate indifference to the safety and rights of its inmates, including Plaintiff.

48. By reason of the aforementioned policies and practices of Defendant Plaintiff has suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

49. Defendants CLA and together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as CLAd above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

50. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CLA and acted with an intentional, reckless, and callous disregard for the well-being of Plaintiff and his constitutional as well as human rights.

51. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CLA and were affirmatively linked to and were a significantly influential force behind the Plaintiff's injuries.

52. Accordingly, Defendants CLA and each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENCE
### (Against All Defendants)

53. The allegations set forth in paragraphs 1 through 52 are incorporated herein by reference.

54. Defendants owed a duty of care toward Plaintiff and were required to use reasonable diligence to ensure that plaintiff was not harmed by defendants' acts or omissions. Defendants' actions and omissions were negligent and reckless, including but not limited to:

    a. negligently placing a suicidal and violent inmate in Plaintiff's cell, which was exclusively assigned to Plaintiff;

    b. the negligent tactics and handling of the attack on Plaintiff;

    c. negligent supervision and communication with and by the officers to facilitate safe and appropriate movement through the facility;

    d. negligent transport and escort of inmates;

    e. the negligent treatment of Plaintiff after he received serious injuries from the attack;

    f. negligently following necessary and appropriate safety measures;

    g. negligently failing to follow its own established safety procedures;

    h. the negligent hiring, retention and assignment of its employees, including the individual defendants;

    i. negligent supervision of inmates in housing units and those segregated for administrative measures;

      j.      negligent in preventing the introduction and/or production of weapons or contraband in the institution;

      k.      negligent in monitoring and observing inmate traffic;

      l.      failing to provide necessary and appropriate personnel necessary for the safety, welfare and protection of Plaintiff.

55. As a direct and legal result of defendants' acts and omissions, and the ensuing injuries to Plaintiff, Plaintiff has suffered damages, including, without limitation, medical expenses, and the past and future pain and suffering all to his general and special damages according to proof, including attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

56. As a direct and legal result of their conduct, defendants are liable for plaintiff's damages, either because they were integral participants in the negligence, or because they failed to intervene to prevent these violations.

## FIFTH CLAIM FOR RELIEF
## NEGLIGENT HIRING, TRAINING, AND RETENTION
### (Against all Defendants)

57. The allegations set forth in paragraphs 1 through 56 are incorporated herein by reference.

58. Defendants the CLA, and DOE supervisors possessed the power and authority to hire and fire employees of and based upon information and belief and negligently hired defendants, DOES 1 - 10, entrusted them with the following duties: protect inmates, conduct reasonable investigations based upon reasonable beliefs that persons have been harmed, or property has been stolen or destroyed, and cause persons who commit crimes on property to be arrested.

59. By virtue of the foregoing, defendants owed Plaintiff a duty of due care, and that duty was breached by defendants' negligent and careless manner in hiring, training, supervising and retaining by, among other things:

a) Failing to adequately train its officers in the supervision and maintenance of inmates in housing units and those on administrative segregation;

b) Failing to adequately train its officers to keep oversight and maintain safe movement of inmates;

c) Failing to adequately train its officers to properly respond and interfere with an ongoing assault by inmate against another inmate;

d) Failing to adequately train its officers in identifying where the inmates belong;

e) Failing to adequately train officers to follow procedure of checking logs and lists to identify where inmates live;

f) Failing to provide adequate supervisory control over the actions of its officers in regard to adequate training, supervision, equipment, planning, oversight, and administration;

g) Sanctioning, condoning and approving a law enforcement-wide custom and practice of a code of silence, cover-up and dishonesty.

60. As a direct and proximate cause of the aforementioned acts of defendants, plaintiff was injured as set forth above and are entitled to compensatory damages according to proof at the time of trial.

61. By reason of the aforementioned policies and practices of Defendants and DOES 1 - 10, inclusive, plaintiff was injured in his health, strength and activity, and sustained great injuries and damage as described elsewhere herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants the CLA, and DOES 1 - 10, as follows:

1. For compensatory damages in the amount of $2,500,000;
2. For punitive damages against the individual defendants in an amount to be proven at trial;
3. For interest;
4. For reasonable costs of this suit and attorneys' fees per 42 U.S.C. §1988; and
5. For such further other relief as the Court may deem just, proper, and appropriate.

THE SEHAT LAW FIRM, PLC

Date: 4-21-16

By: _____
Cameron Sehat,
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

THE SEHAT LAW FIRM, PLC

Date: _____ 4-21-16

By: _____

Cameron Sehat,
Attorney for Plaintiff

-15-